# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PRINCE DAVIS** | : | CIVIL ACTION |
| *Petitioner, pro se* | : | |
| | : | NO. 18-1956 |
| v. | : | |
| | : | |
| **BARRY SMITH,** *et al.* | : | |
| *Respondents* | : | |

# ORDER

**AND NOW,** this 27th day of August 2019, upon consideration of the *pro se* petition for writ of *habeas corpus* filed by Petitioner Prince Davis ("Petitioner") pursuant to 28 U.S.C. § 2254, [ECF 1], the opposition thereto filed by Respondents, [ECF 14], the state court record, the *Report and Recommendation* (the "R&R") issued by United States Magistrate Judge Carol Sandra Moore Wells (the "Magistrate Judge"), which recommended that the petition be denied, [ECF 15], Petitioner's *pro se* objections to the R&R, [ECF 17], and after conducting a *de novo* review of the objections, it is hereby **ORDERED** that:

1. The *Report and Recommendation* (the "R&R") is **APPROVED** and **ADOPTED**;
2. The objections to the R&R are without merit and are **OVERRULED** without an evidentiary hearing;
3. Petitioner's petition for a writ of *habeas corpus*, [ECF 1], is **DENIED**;[1]

---

[1] On March 13, 2013, following an oral colloquy and two signed written guilty pleas, Petitioner pled guilty to one count of third-degree murder, one count of firearms not to be carried without a license and one count of carrying firearms in public in Philadelphia. In exchange, the Commonwealth recommended, and the court imposed, sentences totaling twenty-two and one half to fifty (22 ½ - 50) years of incarceration, to be served consecutively. Petitioner did not file a direct appeal; however, on February 24, 2014, Petitioner filed a *pro se* Post Conviction Relief Act ("PCRA") petition in the Court of Common Pleas for Philadelphia County. Dennis I. Turner ("Turner") was then appointed as PCRA counsel, and an amended PCRA petition was filed and subsequently dismissed on February 5, 2016. The Superior Court affirmed the dismissal on June 6, 2017, and the Pennsylvania Supreme Court denied *allocatur* on October 24, 2017, formally ending Petitioner's state-court collateral review process.

On May 19, 2018, Petitioner filed a *pro se* petition for writ of *habeas corpus*, in which he essentially alleged that trial counsel was ineffective for failing to challenge the guilty pleas entered and failing to request a pre-sentence investigation report prior to sentencing. [ECF 1]. The petition was referred to the Magistrate Judge, who on January 29, 2019, issued a Report and Recommendation ("R&R"), recommending that Petitioner's *habeas* claims be dismissed, as untimely. [ECF 15]. The R&R assessed

the application of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as well as the principles of statutory and equitable tolling, to Petitioner's *habeas* claims. Thereafter, Petitioner filed timely objections to the R&R in which he argues that equitable tolling should apply to his claims. Principally, Petitioner urges this Court to consider that Turner failed to advise him of the Pennsylvania Supreme Court's denial of *allocatur* in his PCRA case until nearly four months after the fact, miscalculated the expiration date of the AEDPA statute of limitations, and misled Petitioner as to whether counsel would file a *habeas* petition on his behalf which led to Petitioner's delayed filing of his *pro se* federal petition.

AEDPA imposes a one-year period of limitations for *habeas corpus* petitions. The time period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(l)(A). However, the one-year limitations period is statutorily tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The one-year limitations period is also subject to equitable tolling if a petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is available "only when the principle of equity would make the rigid application of a limitation period unfair." *Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003) (internal quotations omitted). Courts, however, are to apply this doctrine sparingly. *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005). The petitioner bears the burden of proving both requirements. *Pace*, 544 U.S. at 418; *Urcinoli v. Cathel*, 546 F.3d 269, 273 (3d Cir. 2008).

After conducting a *de novo* review of Petitioner's objections, this Court concludes that the Magistrate Judge correctly found that the petition was untimely filed and was not entitled to either statutory or equitable tolling. [ECF 15 at 5-8]. Though Petitioner objects to the findings and argues that he is entitled to equitable tolling because he has been diligent and trial counsel misled him regarding his *habeas corpus* filing deadlines, this Court disagrees. These arguments were considered by the Magistrate Judge and were properly rejected. Specifically, the Magistrate Judge carefully outlined the timeline for filing a *habeas* petition, calculated the deadline for Petitioner to file his petition, and correctly concluded that the petition was filed late by 156 days. As to the issue of equitable tolling, the Magistrate Judge found that neither an attorney's mistake in determining the expiration date of an AEDPA year, *see Johnson v. Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002), nor an attorney's untimely notification of a denial of appellate *allocatur*, have been held to constitute extraordinary circumstances that warrant equitable tolling. *LaCava*, 398 F.3d at 276. As the Supreme Court has explained, "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland*, 560 U.S. at 651-52 (citations omitted). Moreover, "'we expect pro se petitioners to know when the limitations period expires.'" *Ross v. Varano*, 712 F.3d 784, 800 (3d Cir. 2013) (quoting *Doe v. Menefee*, 391 F.3d 147, 177 (2d Cir. 2004)). By Petitioner's own admission, he learned in February 2018 that the Pennsylvania Supreme Court in October 2017 had denied *allocatur* in his PCRA case. Once Petitioner learned of this denial, reasonable diligence required Petitioner to do more than merely rely on his PCRA counsel's mischaracterization of the AEDPA limitations period and supposed assurances that he would "appeal" for Petitioner. Petitioner's suggestion that he delayed in filing *pro se* in part because Turner told him that he would file the federal petition is belied by Turner's statement in his February 12, 2018 letter to Petitioner that "inasmuch as my appointment as your attorney was limited to appeals of your [PCRA] case through the Supreme Court, my representation of you has terminated." [ECF 1 at 22].

As the Magistrate Judge observed, Petitioner waited another 84 days to file his *habeas corpus* petition. This Court finds that this delay cannot compare to the diligence demonstrated by the petitioner in *Holland*, who "not only wrote his attorney numerous letters . . . he also repeatedly contacted the state courts,

4. No probable cause exists to issue a certificate of appealability;[2] and
5. The Clerk of Court is directed to mark this matter **CLOSED**.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

their clerks and the Florida State Bar Association . . . . And, the *very day* that Holland discovered that his AEDPA clock had expired . . . Holland prepared his own habeas petition *pro se* and promptly filed it with the District Court." *Holland*, 560 U.S. at 653.

This Court has also reviewed the pertinent portions of the record *de novo* and finds that no error was committed by the Magistrate Judge in the analysis of Petitioner's claims. As such, this Court further finds that an evidentiary hearing is not warranted. Accordingly, the R&R is adopted and approved, Petitioner's objections are overruled, and his petition is dismissed.

[2] A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). For the reasons set forth in the R&R, this Court concludes that no probable cause exists to issue such a certificate in this action because Petitioner has not made a substantial showing of the denial of any constitutional right. Petitioner has not demonstrated that reasonable jurists would find this Court's assessment "debatable or wrong." *Slack,* 529 U.S. at 484. Accordingly, there is no basis for the issuance of a certificate of appealability.